IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEMETRIUS RONDELL GRACE,          )
                                  )
          Petitioner,             )
                                  )
     v.                           )     Civil Action No. 1:13cv361-TMH
                                  )              (WO)
STATE OF ALABAMA,                 )
                                  )
          Respondent.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

This matter is before the court on a *pro se* petition for habeas corpus relief under 28

U.S.C. § 2241.  Petitioner Demetrius Rondell Grace ("Grace"), who is currently serving a

federal sentence at a federal facility in Mississippi, seeks a writ of habeas corpus compelling

the Henry County, Alabama, Circuit Court to either dismiss or grant a speedy disposition of

pending state charges, regarding which a detainer has apparently been lodged.   The

respondent contends that Grace's § 2241 petition should be dismissed without prejudice

because he has failed to exhaust his available state court remedies.

## II.  DISCUSSION

An application for writ of habeas corpus under § 2241 will not be considered unless

the applicant has exhausted available state court remedies.  *Dill v. Holt*, 371 F.3d 1301 (11ᵗʰ

Cir. 2004).[1]  State remedies are ordinarily not deemed exhausted so long as a petitioner may

effectively present his claims to the state courts by any currently available and adequate

procedure.  *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973).  Pursuant

to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies

available in the court of the State ..., if he has the right under the law of the State to raise, by

any available procedure, the question presented."  Typically, in order to exhaust, a petitioner

must fairly apprise the highest state court of the federal rights that were allegedly violated.

*See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d

429, 432 (5th Cir. 1985).

Grace contends that his right to a speedy trial has been violated by Alabama

authorities.  A criminal defendant in Alabama may file a motion for a speedy trial or a state

petition for writ of habeas corpus in the state trial court to address alleged speedy trial

violations.  *See Williams v. State*, 511 So.2d 265, 267 (Ala. Crim. App. 1987).  The

respondent concedes that Grace attempted to invoke his speedy trial rights through motions

filed with the Henry County Circuit Court in which he requested speedy disposition of his

pending state charges and also sought dismissal of those charges.  Grace maintains that he

---

[1] Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States."  *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

has filed a *pro se* petition for a writ of mandamus with the Alabama Supreme Court seeking an order directing the trial court to rule on his motions to dismiss the state charges.[2]  Despite these actions by Grace, this court, for the reasons set forth below, is compelled to agree with the respondent that Grace has failed to exhaust his claims in the state courts.

The respondent correctly argues that Grace circumvented proper appellate procedure in Alabama by seeking mandamus relief in the Alabama Supreme Court without first seeking relief in the Alabama Court of Criminal Appeals.  Rule 21 of the Alabama Rules of Appellate Procedure provides that actions for mandamus "shall be made by filing a petition therefor with the clerk of the appellate court having jurisdiction thereof."  Ala.R.App.P. 21(a)(1).  Because "[t]he Court of Criminal Appeals has authority to issue such remedial and original writs as are necessary to give it a general superintendence and control of the circuit courts in criminal matters, over which it has exclusive appellate jurisdiction," *Ex parte Nice*, 407 So.2d 874, 876 (Ala. 1981), Grace was required to petition the Alabama Court of Criminal Appeals for mandamus relief before petitioning for such relief in the Alabama Supreme Court.[3]  This court afforded Grace an opportunity to show cause why his § 2241 petition

---

[2] The Alabama Supreme Court returned Grace's *pro se* mandamus petition to him, accompanied by a letter explaining that his petition was being returned because he was represented by counsel and represented petitioner's "may not file pro se petitions with [the] Court."  Doc. No. 13, Ex. A.

[3] Rule 21 provides that the Alabama Court of Criminal Appeals' ruling on a mandamus petition may be reviewed by the Alabama Supreme Court in one of two ways.  The petitioner may (1) seek certiorari review of the Court of Criminal Appeals' ruling in the Alabama Supreme Court

(continued...)

should not be dismissed based on his circumvention of proper appellate procedure in

Alabama.  Doc. No. 16.  However, Grace did not avail himself of that opportunity.[4]  Under

the circumstances, the court finds that Grace has failed to satisfy the exhaustion requirement.

This court does not deem it appropriate to rule on the merits of Grace's claims without

first requiring that he properly exhaust state remedies; the court therefore concludes that the

instant petition should be dismissed without prejudice so that Grace may exhaust available

state court remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2241 petition for habeas corpus relief filed by Grace be DISMISSED without

prejudice to afford Grace an opportunity to exhaust all available state court remedies.  It is

further

ORDERED that the parties shall file any objections to this Recommendation on or

before November 22, 2013.  A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive, or general objections

---

[3](...continued)
or (2) file an original petition for writ of mandamus in the Alabama Supreme Court.  *See*
Ala.R.App.P. 21(e).

[4] The respondent also argues that Grace failed by follow proper appellate procedure in
Alabama because his *pro se* mandamus petition with the Alabama Supreme Court was improperly
filed while he was represented by counsel.  *See* Ala.R App.P. 31(a).  Doc. No. 15 at 4-5.  The
respondent also notes that  it cannot even be discerned what issues Grace attempted to present to the
Alabama Supreme Court in his *pro se* petition because Grace has the only copy of that petition in
his possession and did not include a copy with his federal pleadings.  *Id*. at 5-6.

will not be considered.  Failure to file written objections to the Magistrate Judge's proposed

findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 7th day of November, 2013.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE